UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| UNITED STATES OF AMERICA ex rel. | ) | |
|---|---|---|
| CARL TATE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | 10 C 1704 |
| | ) | |
| RANDY DAVIS, Warden, | ) | |
| Pinckneyville Correctional Center, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION[1]

CHARLES P. KOCORAS, District Judge:

Before the court is Petitioner Carl Tate's petition for a writ of habeas corpus. For the reasons expressed below, the petition is denied.

## BACKGROUND

After a bench trial in the Circuit Court of Cook County in 2002, Tate and his co-defendant Richard Starks were convicted of the murder and armed robbery of Jodie Kelly. The evidence presented during that trial demonstrated that Tate and Kelly were distributors of crack cocaine. After Kelly began selling his product at a lower price than

---

[1] Tate is now incarcerated at Pontiac Correctional Center. Accordingly, Guy Pierce, the warden at Pontiac, is the state officer having custody of the petitioner and will be substituted for Randy Davis as the respondent in this case. *See* Rule 2 of the Rules Governing Section 2254 Cases in the United States District Courts; *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004).

Tate, Tate and his co-defendant confronted Kelly and stabbed him several times. After Tate was convicted, the trial judge sentenced him to consecutive prison terms of 40 years for the first degree murder count and 15 years for armed robbery.

On direct appeal, Tate presented a single challenge: that the trial court erred in imposing a consecutive sentence for the armed robbery conviction. On December 17, 2003, the Illinois Appellate court affirmed Tate's sentence. He did not file a petition for leave to appeal the decision to the Illinois Supreme Court.

On July 25, 2003, while his direct appeal was pending, Tate filed a pro se postconviction petition in Cook County Circuit Court. Tate filed pro se supplements to his initial petition in 2004 and again in 2005. Among the claims presented were[2]:

> (a) Tate's Confrontation Clause rights violated by admission of confession of non-testifying co-defendant Richard Starks;
>
> (b) Tate's consecutive sentence was invalid under Illinois law;
>
> (c) trial counsel was ineffective for failing to move to suppress Starks' confession;
>
> (d) Tate's Fourth Amendment rights were violated because there was no probable cause to arrest him;

---

[2] In discerning which claims Tate presented in his pro se postconviction petition and postconviction PLA that are also asserted before us for federal habeas review, we were careful to broadly construe Tate's pro se filings in the Illinois courts. *See Kaba v. Stepp*, 458 F.3d 678, 681 (7th Cir. 2006).

(e) trial counsel was ineffective for failing to cross-examine one of the prosecution's witnesses;

(f) trial counsel was ineffective for telling Tate that he could not testify;

(g) trial counsel was ineffective for failing to interview or present alibi witnesses;

(h) Tate's due process rights were violated because he was not proven guilty beyond a reasonable doubt;

(i) trial counsel was ineffective for failing to impeach a different prosecution witness with the affidavits of persons who supplied information favorable to Tate.

On December 7, 2006, Tate, through counsel, filed an amended postconviction petition. In that petition, Tate asserted the following claims that are repeated in his current petition:

(a) direct appeal counsel provided ineffective assistance by failing to argue that there was insufficient evidence to support Tate's convictions and for failing to appeal denial of motion to quash arrest;

(b) Tate's Sixth Amendment right to a speedy trial was violated;

(c) Tate's Sixth Amendment Confrontation Clause rights were violated as a result of his counsel's failure to cross-examine one of the prosecution's witnesses;

(d) the State violated Tate's due process rights by securing his indictment using testimony of two witnesses whom Tate contended had perjured themselves before the grand jury;

(e) Tate's Fifth and Sixth Amendment right to testify was violated when trial judge failed to notify him of his right to testify on his own behalf and Tate did not validly waive it.

On September 21, 2007, the trial court dismissed the amended petition. Tate appealed the dismissal. The only issue Tate addressed on appeal was whether trial counsel was ineffective for refusing to allow Tate to testify. In addition to his counseled appellate brief, Tate also filed a pro se motion in the appellate court for leave to demonstrate that his postconviction appellate counsel was not providing a reasonable level of assistance. Tate's primary concern with his counsel's performance was his attorney's decision to not present a number of the claims Tate raised in the postconviction trial court to the court of appeals. Tate's complaints in this regard were of a general nature; the pro se motion did not specifically identify the claims that he wished to present to the appellate court. On August 19, 2009, the appellate court denied Tate's motion related to the performance of his postconviction appellate counsel. The court then affirmed the trial court's dismissal of Tate's postconviction petition on September 14, 2009. In the order explaining its decision, the appellate court noted that while Tate had claimed in his initial pro se petition that his trial counsel was ineffective for refusing to permit him to testify, his subsequent counseled amended postconviction petition did not contain such a claim. The appellate court relied on this omission in holding that Tate's ineffective assistance claim was not properly before the court. Later on in the order, the court remarked that even if the claim were properly raised it was

without merit because it was not reasonably probable that Tate's testimony would have resulted in acquittal.

On November 9, 2009, Tate filed a pro se petition for leave to appeal the appellate court's decision to the Illinois Supreme Court. In his petition to the Illinois Supreme Court, Tate presented the following claims that he also makes in his present petition for habeas corpus:

> (a) Tate's right to testify was violated where trial counsel told him the decision to testify was not Tate's to make;
>
> (b) postconviction appellate counsel was ineffective for failing to make claims presented in original pro se postconviction petition;
>
> (c) trial counsel was ineffective for advising Tate incorrectly regarding his right to testify;
>
> (d) Tate's sentence was void because it violated Illinois' "one act, one crime" rule;
>
> (e) the trial court erred in failing to give Tate notice of his right to elect to be sentenced under a different sentencing code;
>
> (f) Tate's consecutive sentences were not permitted under state law;
>
> (g) Tate's Sixth Amendment right to a speedy trial was violated;
>
> (h) Tate's rights under the Due Process Clause of the Fourteenth Amendment were violated by the prosecution's knowing use of perjured testimony to secure indictment against Tate;
>
> (i) direct appellate counsel was ineffective for failing to raise speedy trial argument and perjured grand jury testimony argument on appeal;

(j) trial counsel was ineffective for failing to cross-examine and impeach state witness Michelle Kennedy with her criminal record;

(k) trial counsel was ineffective for failing to object to a prosecution witness being allowed to testify despite the prosecution's failure to disclose her as a witness prior to trial;

(l) Tate's Confrontation Clause rights were violated by admission of confession of non-testifying co-defendant Richard Starks;

(m) Tate's rights under the Equal Protection Clause of Fourteenth Amendment were violated by the trial judge who failed to pronounce at sentencing that Tate would be subject to term of mandatory supervised release.

On January 27, 2010, the Court denied the petition for leave to appeal.

In March 2010, Tate filed the instant petition for a writ of habeas corpus and raised the following claims:

(a) Tate's right to testify at trial was violated where trial counsel told him that the decision to testify was not Tate's to make;

(b) Tate's due process rights were violated when prosecution knowingly used perjured testimony from two witnesses to secure indictment from a grand jury;

(c) trial counsel was ineffective for failing to cross-examine and impeach a prosecution witness with her criminal record;

(d) Tate's Sixth Amendment right to a speedy trial was violated;

(e) Tate's Fourth Amendment rights were violated because there was no probable cause to arrest him;

(f) Tate's sentence was void because it violated Illinois' "one act, one crime" rule;

(g) the trial court erred in failing to notify Tate of his right to be sentenced under a different sentencing code;

(h) Tate's consecutive sentences were not permissible under Illinois law;

(i) trial counsel was ineffective for failing to interview or present alibi witnesses;

(j) direct appeal counsel was ineffective for failing to raise all the claims presented in the instant petition;

(k) trial court erred in allowing a prosecution witness to testify despite the State's failure to identify her as a witness in their pretrial discovery response;

(l) trial counsel was ineffective for failing to object to Kennedy being allowed to testify;

(m) Tate's due process rights were violated when he was convicted based on insufficient evidence to find him guilty beyond a reasonable doubt with respect to the chain of custody for the blood evidence and the state's witness was unsure about his identification of petitioner;

(n) direct appellate counsel was ineffective for failing to argue that a prosecution witness should not have been allowed to testify or that trial counsel was ineffective for failing to object to her testimony;

(o) postconviction appellate counsel ineffective for failing to make claims raised in the instant petition;

(p) Tate's Sixth Amendment Confrontation Clause rights were violated by the admission of his non-testifying codefendant, Richard Starks;

(q) trial counsel was ineffective for failing to move to suppress Starks's confession;

(r) trial counsel was ineffective for failing to impeach state witness Lewis Carter with the affidavits of Alonzo Coates and Prestina Tate;

(s) trial counsel was ineffective for telling petitioner that he could not testify; and

(t) Tate's 14th Amendment Equal Protection Clause rights were violated by the trial court when the court did not pronounce at sentencing that Tate would serve a term of mandatory supervised release.

Tate has no remaining opportunities for the Illinois courts to review the claims contained in his instant petition as the time for filing a state postconviction petition has expired. *See* 725 ILCS 5/122-1(c).

## LEGAL STANDARD

Under 28 U.S.C. § 2254(b), a state habeas petitioner must exhaust his remedies in the state courts before he can pursue federal habeas review of his claims. In order to fulfill his exhaustion obligations, a petitioner must fairly present his federal claims to the state courts for "one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 844-45 (1999). The one complete round of review may occur "either on direct appeal of his conviction or in post-conviction proceedings." *Lewis v. Sternes*, 390 F.3d 1019, 1025 (7th Cir. 2004). A petitioner who fails to maintain a claim throughout one complete round of review and who has no further opportunity to present his claim to the state court has procedurally defaulted that claim and foreclosed federal habeas review of the issue. *Guest v. McCann*, 474 F.3d 926, 930 (7th Cir. 2007).

Another circumstance in which a habeas petitioner's claim will be considered procedurally defaulted occurs when a state court decides a federal issue on the basis of a state procedural rule that is independent of the federal question and adequate to support the judgment. *See Stewart v. Smith*, 536 U.S. 856, 859-61 (2002). This doctrine only applies if "the state court actually relied on the procedural default as an independent basis for its decision." *Moore v. Bryant*, 295 F.3d 771, 774 (7th Cir. 2002).

A procedural default will bar federal habeas relief on the claim unless the petitioner can either demonstrate cause for and prejudice stemming from that default or he can establish that denial of relief on the claim will result in a miscarriage of justice. *Murray v. Carrier*, 477 U.S. 478, 495-96 (1986); *Wainwright v. Sykes*, 433 U.S. 72, 86-87 (1977). Cause for failure to exhaust will typically consist of "some objective factor external to the defense [that] impeded counsel's efforts to comply with the State's procedural rule." *McCleskey v. Zant*, 499 U.S. 467, 493 (1991). Prejudice may be established by demonstrating that the violation of the petitioner's federal rights "worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *United States v. Frady*, 456 U.S. 152, 170 (1982) (emphasis in original).

**DISCUSSION**

Respondent Pierce contends that each of the claims presented within Tate's habeas petition is either a non-cognizable ground for habeas relief or has been

procedurally defaulted. Tate argues in response that some of his claims were fairly presented to the state courts and are not procedurally defaulted.

I.      **Claim Not Cognizable In Federal Habeas – (o)**

As an initial matter, Pierce argues that Tate's claim that his postconviction appellate counsel was ineffective for failing to raise certain claims presented in this petition is non-cognizable in habeas. "The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254." 28 U.S.C. § 2254(i); *see also Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) (limits of right to counsel only extend to first appeal as of right). Challenges to the alleged deficiencies in the performance of Tate's postconviction appellate counsel do not implicate Tate's rights under the Constitution or laws of the United States and are non-cognizable in federal habeas. We therefore deny claim (o).

II.     **Claims Procedurally Defaulted**

Pierce argues that all of Tate's remaining claims are procedurally defaulted either because Tate failed to raise them through one complete round of state court review or because the Illinois courts disposed of the issues on an adequate and independent state law ground. We will discuss the merits of Pierce's arguments with respect to each of Tate's remaining claims below.

**A.    Claims Not Raised In State Court – (k) and (n)**

Tate did not present two of the claims contained in the instant petition to the Illinois courts for direct or collateral review: (k) the trial court's decision to allow State witness Michelle Kennedy to testify was in error; and (n) appellate counsel was ineffective for failing to argue that Kennedy should not have been allowed to testify or to argue that his trial counsel was ineffective for electing not to object to her testimony. Because Tate chose not to assert these challenges during state court proceedings, they are procedurally defaulted. *Lewis v. Sternes*, 390 F.3d 1019, 1026 (7th Cir. 2004). We therefore deny claims (k) and (n).

**B.    Claims Raised Only in Pro Se Postconviction Petitions – (e), (i), (m), (q), and (r)**

Four of Tate's claims in his petition for habeas relief were only put forward in his pro se postconviction filings in the Circuit Court of Cook County.[3] In order to avoid

---

[3] Pierce argues that all of Tate's claims contained in his pro se filings but not in his counseled petition were waived under Illinois procedural law and therefore procedurally defaulted. A counseled amended postconviction petition essentially supersedes earlier pro se filings such that any claims not included in the amended petition are not properly before the trial court considering the postconviction petition. *People v. Pinkonsly*, 802 N.E.2d 236, 244 (Ill. 2003); *People v. Phelps*, 280 N.E.2d 203, 204 (Ill. 1972). Though Pierce has demonstrated that these claims would likely have been disposed of procedurally by the postconviction trial court, he has not shown that the trial court expressly relied on this procedural rule in deciding the claims at issue (with one exception discussed below). In the absence of such an explicit state court statement, we do not find an adequate and independent state law ground exists sufficient
(continued...)

the procedural default of a claim made in a postconviction petition the claim must also be presented to the postconviction appellate court as well as in the discretionary appeal to the Illinois Supreme Court. *See Guest v. McCann*, 474 F.3d 926, 930 (7th Cir. 2007) (petitioner must raise postconviction claim to appellate court in order to avert procedural default); *White v. Godinez*, 192 F.3d 607, 608 (7th Cir. 1999) (postconviction challenge not presented in discretionary appeal to highest state court procedurally defaulted). Because claims (e), (i), (m), (q), and (r) were not presented in either the postconviction appeal or the postconviction petition for leave to appeal, they are denied.

## C. Claims Initially Raised in Postconviction PLA – (f), (g), (l), and (t)

Tate raised four more of his claims for the first time in his postconviction petition for leave to appeal to the Illinois Supreme Court. Presenting a claim for the first time in a discretionary petition for leave to appeal a state's highest court is insufficient to preserve the claim for federal habeas review. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989). Tate never asserted claims (f), (g), (l), or (t) in the postconviction trial or appellate courts. Therefore, the claims are denied.

---

[3](...continued)
to bar federal review of all claims asserted in the pro se filings. *Harrison v. McBride*, 428 F.3d 652, 664 (7th Cir. 2005). Our analysis is therefore predicated on the understanding that Tate presented the claims in his pro se postconviction filings to the postconviction trial court.

**D. Claims Not Raised on Postconviction Appeal – (b), (c), (d), (h), (j), and (p)**

Though Tate presented a number of issues in his postconviction petitions to the trial court and in his postconviction petition for leave to appeal to the Illinois Supreme Court, he only asserted one – that his trial counsel was ineffective for advising him incorrectly regarding his right to testify – in his submission to the postconviction appellate court. Claims that were not raised in the appellate court are considered procedurally defaulted. *See Guest v. McCann*, 474 F.3d 926, 930 (7th Cir. 2007). Claims (b), (c), (d), (h), (j), and (p) were not contained in his submissions to the Illinois Appellate Court.[4] As a result, they are procedurally defaulted. A number of Tate's claims were not contained in his submissions to the Illinois Appellate Court, including: (b) Tate's due process rights violated when prosecution knowingly used perjured testimony from Prestina Tate and Alonzo Coates to secure indictment from a grand jury; (c) trial counsel ineffective for failing to cross-examine and impeach state witness

---

[4] Tate did challenge his consecutive sentences before the Illinois appellate court on direct review of his sentence. However, he did not complete the direct review process by filing a petition for leave to appeal the Illinois Supreme Court. Similarly, on collateral review, though Tate presented the challenge to his consecutive sentences in his trial submissions and before the Illinois Supreme Court he neglected to assert the claim before the postconviction appellate court. To avoid procedural default, however, Tate would have had to present this claim to all three levels of the Illinois courts for the same type of review, either direct or collateral. *See Boerckel*, 526 U.S. at 844-45. Because he presented this claim to the Illinois Appellate Court for direct review but not on collateral review, his claim is procedurally defaulted.

Michelle Kennedy with her criminal record; (d) Tate's Sixth Amendment right to a speedy trial was violated; (h) Tate's consecutive sentences not permissible under Illinois law; (j) direct appeal counsel ineffective for failing to raise all claims presented in the instant petition; and (p) Tate's Sixth Amendment Confrontation Clause rights violated by admission of statement of his non-testifying codefendant Starks. As a consequence, claims (b), (c), (d), (h), (j), and (p) are procedurally defaulted.

Tate argues that the claims not asserted in his postconviction appeal were nevertheless fairly presented to the postconviction appellate court through his supplemental pro se motion. As Tate filed this motion pro se, we are obligated to construe it in a liberal manner. *See McGee v. Bartow*, 593 F.3d 556, 565-66 (7th Cir. 2010). In order to fairly present a federal claim to a state court, a petitioner must present both the operative facts and the legal principles that control each claim. *Rodriguez v. Scillia*, 193 F.3d 913, 916 (7th Cir. 1999). Though Tate need not cite "book and verse of the Constitution" to fairly present his claim, he must at a minimum alert the state court to the federal nature of his claim in such a way as to allow the court to address the issue on a federal basis. *Lieberman v. Thomas*, 505 F.3d 665, 670 (7th Cir. 2007). Even when employing the most liberal construction possible, Tate did not fairly present any federal claim in his pro se motion to the postconviction appellate court. Rather, the motion only generally referenced the fact that counsel's appellate submissions did not

include a number of other claims raised before the trial court. The filing did not contain any of the operative facts or legal principles supporting those claims. The mere mention of abandoned claims, without any description of the factual and legal bases supporting them, does not constitute a fair presentation of the issues sufficient to avoid procedural default. Because Tate failed to assert these claims before the postconviction appellate court, they are denied.

**E.     Right To Testify Claim – (a)**

Tate contends that he did not procedurally default his right to testify claim because he fairly presented the substance of the issue for each level of Illinois postconviction review. A habeas petitioner need not demonstrate an identity between the claims asserted at each level state court review to avoid procedural default; mere variation in legal theories does not automatically result in a finding of failure to exhaust. *See Sweeney v. Carter*, 361 F.3d 327, 333 (7th Cir. 2004). Though variations in legal theory are permissible, a petitioner may not present entirely different legal claims at each level of review and avoid application of the procedural default rule. *See Nance v. Fairman*, 707 F.2d 936, 940 (7th Cir. 1983). To determine whether a claim has been fairly presented at a specific level of review, we must examine the briefs submitted to that court by the party challenging procedural default. *See Baldwin v. Reese*, 541 U.S. 27, 30-32 (2004).

Though Tate explicitly asserted his right to testify claim in his postconviction petition and PLA, in his counseled postconviction appellate briefs he argued that his trial counsel had been ineffective for failing to properly advise him regarding his right to testify at trial. The right to testify claim and the ineffective assistance claim constitute two separate and distinct issues. *See Lewis v. Sternes*, 390 F.3d 1019, 1026 (7th Cir. 2004). By choosing to present an ineffective assistance claim instead of a substantive right to testify argument on appeal, Tate denied the Illinois appellate court an opportunity to address the issue of Tate's right to testify. *Id*. Because Tate did not fairly present the right to testify issue for one complete round of state court review, the claim is procedurally defaulted.[5] *Boerckel*, 526 U.S. at 844-45. We therefore deny claim (a).

## F. Claims Decided on Adequate and Independent State Grounds – (s)

Pierce contends that Tate cannot obtain federal habeas review of his ineffective assistance of trial counsel claim because the Illinois postconviction appellate court disposed of the claim on an independent and adequate state law ground. A federal court "will not review a question of federal law decided by a state court if the decision of that

---

[5] Nor did Tate submit his ineffective assistance argument as a means to reach the substantive violation of his right to testify such that procedural default could be avoided. *See McGee v. Bartow*, 593 F.3d 556, 567 n.9 (7th Cir. 2010); *Malone v. Walls*, 538 F.3d 744, 755 (7th Cir. 2008). Tate made only passing mention of the right of a criminal defendant to testify in his own defense in his appellate briefs and explicitly stated that he was not making a substantive Fifth and Sixth Amendment right to testify challenge in his briefs to the appellate court.

court rests on a state law ground that is independent of the federal question and adequate to support the judgment." *Coleman v. Thompson*, 501 U.S. 722, 729 (1991). "[W]hen a state refuses to adjudicate a petitioner's federal claims because they were not raised in accord with the state's procedural rules, that will normally qualify as an independent and adequate state ground for denying federal review." *Woods v. Schwartz*, 589 F.3d 368, 373 (7th Cir. 2009). In this instance, the postconviction appellate court considering Tate's ineffective assistance of counsel claim held that Tate has forfeited review of the claim by neglecting to include the issue in his amended counseled postconviction petition. *See People v. Pinkonsly*, 802 N.E.2d 236, 243-44 (2003); *People v. Phelps*, 280 N.E.2d 203, 204 (1972). Though the appellate court discussed the merits of Tate's arguments, this discussion occurred after the court explicitly reaffirmed that Tate's claims had been procedurally defaulted and were not properly before the appellate court. The alternative federal holding of the appellate court does not change our conclusion that the independent and adequate ground doctrine bars habeas review of Tate's ineffective assistance of trial counsel claim. *Moore v. Bryant*, 295 F.3d 771, 775 (7th Cir. 2002). We therefore deny claim (s).

**G.     Exceptions To Procedural Default Rule**

Tate argues that the errors of his postconviction appellate counsel provide us with sufficient cause to disregard the procedural default rule and hear those claims not

presented to the postconviction appellate court. A petitioner who demonstrates cause for, and prejudice from, procedural default may still obtain habeas review of his claims. *Murray v. Carrier*, 477 U.S. 478, 495-96 (1986). While errors by petitioner's direct appellate counsel may provide cause for procedural default, the errors of postconviction counsel do not provide any excuse for procedural default. *Keeney v. Tamayo-Reyes*, 504 U.S. 1, 8-9 (1992). We therefore decline to set aside application of the procedural default rule as a result of alleged mistakes by Tate's postconviction appellate counsel.

## CONCLUSION

Tate's petition for a writ of habeas corpus is denied.

Charles P. Kocoras
United States District Judge

Dated:   August 4, 2010