# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 1704 | **DATE** | September 30, 2010 |
| **CASE TITLE** | US ex rel. Tate vs. Davis | | |

**DOCKET ENTRY TEXT**

We deny Tate's applications (Docs [27] and [28]) for a certificate of appealability.

■ [ For further details see text below.]   Docketing to mail notices.

# ORDER

This case comes before the court on the application of petitioner Carl Tate ("Tate") for a certificate of appealability for the court's order August 4, 2010, denying his petition for a writ of habeas corpus. For the following reasons, we deny Tate's application.

In 2002, Tate was convicted of murder and armed robbery after a jury trial in Cook County Circuit Court. After his conviction, the trial judge sentenced him to consecutive prison terms of 40 years for the first degree murder count and 15 years for armed robbery. On March 17, 2010, Tate filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On August 4, 2010, we denied Tate's request for habeas relief because the issues raised in his petition were either procedurally defaulted or not cognizable in federal habeas proceedings. Tate now brings this notice of appeal and asks that we grant a certificate of appealability. He contends that he made a substantial showing of a constitutional violation in his habeas brief and challenges our ruling that some of his claims were procedurally defaulted because they were not presented before the postconviction appellate court.

Tate's application for a certificate of appealability is governed by 28 U.S.C. § 2253, which provides him with a limited right of appeal from a district court's final order in any proceeding under § 2254. Section 2253(c)(1) requires that a petitioner obtain a certificate of appealability before appealing the district judge's final order, and section (c)(2) permits issuance of a certificate of appealability only when the applicant has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(C)(1)-(2). To make the required substantial showing, a petitioner "must show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different matter or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotation marks omitted). Additionally, when a petitioner asks to appeal a denial predicated upon procedural grounds, he must also show that "jurists of reason could conclude that the District Court's dismissal on procedural grounds was debatable or incorrect." *Slack v. McDaniel*, 529 U.S. 473, 485 (2000).

## ORDER

   Tate contends that reasonable jurists could debate our conclusion that six of his claims were procedurally defaulted in that they were not presented to the postconviction appellate court. He maintains that he fairly presented the claims at issue by including them in his pro se motion challenging his postconviction appellate counsel's performance. Tate made the same argument in the brief he filed in support of his habeas petition. In our decision, we discussed the merit of Tate's argument and found that Tate did not fairly present the claims at issue even under the most generous construction of Tate's pro se motion. His supplemental motion only generally referenced the abandoned claims without providing any of the facts or legal principles underlying those claims. In short, the additional submission did not provide any indication to the postconviction appellate court as to what federal claims Tate desired to bring before the court. Under these circumstances, we find that reasonable jurists could not debate that Tate had fairly presented the claims before the postconviction appellate court. Accordingly, we deny Tate's application for a certificate of appealability.

Dated:   September 30, 2010

**CHARLES P. KOCORAS**
**U.S. District Court Judge**